IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FLOVAC, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRVAC, INC., ET AL., <br><br> Defendants. | Civil No. 12-1348 (SEC) |

### MEMORANDUM AND ORDER

Flovac, Inc. (Flovac) brought this antitrust suit against its competitor, Airvac, Inc. (Airvac) and its president, under sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, and its local counterpart. P.R. Laws Ann. tit. 10, §§ 258, 260. Flovac also asserted a local law claim for tortious interference under Puerto Rico's general tort statute. P.R. Laws Ann. tit. 31, § 5141. The Court granted Airvac's motion for summary judgment, see Flovac, Inc. v. Airvac, Inc., 84 F. Supp. 3d 95 (D.P.R. 2015), and the First Circuit affirmed, 817 F.3 849 (1st Cir. 2016). Pending before the Court is Airvac's motion for attorney's fees under both Puerto Rico Rule of Civil Procedure 44.1(d) and Federal Rule of Civil Procedure 11(b). The motion is **denied**.

Under the "American Rule," absent a statutory provision allowing it, a prevailing party in federal court is not entitled to recover attorney's fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). But where state law supplies the basis of the decision—either in diversity or supplemental jurisdiction—federal courts must apply the state's substantive law governing attorney's fees.

For more than five decades, the First Circuit has consistently applied Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, which governs the imposition of attorney's

fees in local courts, "as a matter of substantive right." Pan Am. World Airways, Inc. v. Ramos, 357 F.2d 341, 342 (1st Cir. 1966); Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994); Citibank Glob. Markets, Inc. v. Rodríguez Santana, 573 F.3d 17, 30 (1st Cir. 2009); Gómez v. Rodríguez-Wilson, 819 F.3d 18, 23 (1st Cir. 2016).

Under Rule 44.1(d), a court must grant a reasonable sum in attorney's fees to a prevailing party if it finds that the opposing party or its lawyer acted obstinately or frivolously "*in the course of litigation*." Dopp, 38 F.3d at 1254 (italics in the original).1 This requires a determination that a litigant has been "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." De León v. Corporación Insular de Seguros, 931 F.2d 116, 127 (1st Cir. 1991). The offending party's conduct, at the very least, must have started "a litigation that could have been avoided," unnecessarily delayed the proceedings, or forced the other party to "embark on needless procedures." Fernández v. San Juan Cement Co., 18 P.R. Offic. Trans 823, 830 (1987) (internal citations omitted). In this analysis, courts must consider the "personality" of the case as a whole. Dopp, 38 F.3d at 1253.

Airvac requests an award of attorney's fees under Rule 44.1(d) arguing that Flovac brought a tortious interference claim under Puerto Rico law that was clearly time-barred. While this may be true, Airvac has not shown that this claim was significant or that Flovac's conduct was obstinate considering the context of the litigation as a whole.

---

[1] Other circuits have held that statutes allowing attorney's fees for the conduct of an attorney or party during the litigation are procedural and thus inapplicable even if state law provides the basis of decision. See In re Larry's Apartment, L.L.C., 249 F.3d 832, 838 (9th Cir. 2001) ("when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural") and First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 529 (6th Cir. 2002) (holding that the Ohio statute providing for attorney's fees is procedural and thus inapplicable because it is "based upon the conduct of the parties and the attorneys in filing and litigating [a] claim," and moreover, conflicts with the procedural requirements of Fed. R. Civ. P. 11(c)(2)); cf. Dopp, 38 F.3d at 1252-1254 (applying Puerto Rico Rule of Civil 44.1(d) and noting that a finding of obstinacy under that Rule "depends on a party's conduct in the course of litigation").

Airvac could have raised the statute of limitations defense when it first filed its motion to dismiss but did not do so. And at the summary judgment stage, Flovac was not excessively stubborn. It actually conceded the material facts on this claim, admitting that it had "knowledge of the injury and the author of the damage" well over a year before filing suit. See Sterling Merch., Inc. v. Nestle, S.A., 546 F. Supp. 2d 1, 2 (D.P.R. 2008) (reiterating that tortious interference claims have a one-year limitations period). That Flovac failed in its attempt to delay the trigger date of the limitations clock by resorting to the "continuing damages" doctrine is, on its own, insufficient to make a finding of obstinacy. See Dopp, 38 F.3d at 1254 (that a party's claim ultimately fails does not automatically entail a finding of obstinacy or frivolousness).[2] Considering the context of the case as a whole, the Court does not find that Flovac insisted on its tortious interference claim "beyond the acceptable demands of the litigation." De León, 931 F.2d at 127.

Next, Airvac asserts that Flovac engaged in dilatory tactics by requesting several extensions of the discovery deadline and failing to produce its calculations of damages in their initial disclosures. But Airvac does not cite any authority where Puerto Rico Rule of Civil Procedure 44.1(d) is used to impose attorney's fees for discovery related matters.[3] Neither does Airvac provide context showing that the nature of these delays was "beyond the acceptable demands of litigation" as required to support a finding of obstinacy. See De León, 931 F.2d at 127. Airvac cites Newell Puerto Rico, Ltd. v. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994) and Fajardo Shopping Ctr. S.E. v. Sun Alliance Ins. Co. of P.R., 999 F. Supp. 213 (D.P.R. 1999), neither of which involved the imposition of attorney's fees for discovery related issues. In the former, the First Circuit

---

[2] This is especially true here, since the Puerto Rico Supreme Court recently recognized that its precedents on the "continuing damages" doctrine have been imprecise and contradictory. See Rivera Ruiz v. Municipio Autonomo de Ponce, 2016 TSPR 197 (2016).

[3] Fed. R. Civ. P. 37, which provides a wide gamut of sanctions for failing to comply with the discovery provisions of Rule 26 and court orders, is the appropriate vehicle for obtaining attorney's fees on these matters.

affirmed the District Court's denial of attorney's fees. In the latter, it was clear that the defendant had "engaged in one dilatory tactic after another, including objecting to every single report rendered by the Special Master, insulting him, making conclusory statements without any support whatsoever, and even arguing that the Court ha[d] deprived him of rights which he either waived or did not adequately preserve." Id. at 234. Flovac's actions in this case are not even in the same ballpark.

Last, Airvac posits that even if attorney's fees are not warranted under Puerto Rico law, they are still appropriate as sanctions under Fed. R. Civ. P. 11(c). But Airvac may not recover attorney's fees under Rule 11 because it has not shown that it complied with the Rule's twenty-one-day safe harbor provision. Fed. R. Civ. P. 11(c)(2). This omission is fatal. See Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 244 (1st Cir. 2010) (reversing the District Court's imposition of Rule 11 sanctions because the moving party failed to serve the motion "on opposing counsel at least twenty-one days prior to filing with the court so as to provide the adversary time to withdraw the challenged paper, claim, contention, or defense"). And Rule 11(d) specifies that these sanctions are inapplicable to discovery related matters, which are covered by Federal Rules of Civil Procedure 26 & 37. Nothing more need be said. Airvac's motion for attorney's fees is **denied**.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 30th day of March, 2017.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge